UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD GRIFFIN,<br><br>   Plaintiff,<br><br>v.<br><br>K. WILLIAMS, et. al.,<br><br>   Defendants. | Case No.:  21-cv-01474-MMA-DEB<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**DKT. NO. 15** |

Before the Court is Plaintiff Harold Griffin's Request for Appointment of Counsel and Declaration of Indigency ("Motion"). Dkt. No. 15. Plaintiff requests the Court appoint counsel on his behalf "so that [his] interest may be protected by the professional assistance required." *Id.* He states he is "indigent and unable to afford counsel" because he has no assets or income. *Id.* Plaintiff invokes California Rules of Court 4.551(c)(2) in support of his Motion. *Id.*

For the reasons discussed below, the Court **DENIES** Plaintiff's request without prejudice.

Cal. R. Ct. 4.551(c)(2) does not apply to this case, because it is a rule that applies only to habeas corpus proceedings filed in California state courts.

In 42 U.S.C. § 1983 civil rights cases pending in a District Court such as this one, the court may appoint counsel only in "exceptional circumstances." *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal quotations omitted).

The Court finds no exceptional circumstances here. Plaintiff's indigency does not constitute an exceptional circumstance. *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 26–27. (1981) ("[A]n indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."); *see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298–309 (1989) (finding District Courts generally lack authority to require counsel to represent indigent prisoners in § 1983 cases.)

Plaintiff has not demonstrated a likelihood of success on the merits, and, at this stage of the proceedings, the record is not sufficiently developed for the Court to make this finding.

Moreover, there is no reason to conclude Plaintiff lacks the ability to articulate and prosecute his claims. Plaintiff has demonstrated the ability to articulate the essential facts supporting his claim, which appear relatively straightforward and uncomplicated. *See* Dkt. No. 9 at 8 ("Plaintiff's FAC contains plausible Eighth Amendment inadequate medical care claims as to Defendant Shakiba sufficient to survive . . . sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b)."). Plaintiff, therefore, appears capable of articulating and prosecuting his arguments *pro se*.

Lastly, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Accordingly, the Court will take Plaintiff's *pro se* status into consideration when his filings are reviewed.

For these reasons, the Court finds that Plaintiff has not demonstrated there are "exceptional circumstances" to warrant appointment of counsel. Plaintiff's Motion is, therefore, DENIED without prejudice.

**IT IS SO ORDERED**.

Dated: June 3, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge