UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD GRIFFIN,<br><br>               Plaintiff,<br><br>v.<br><br>J. HODGES, et. al.,<br><br>               Defendants. | Case No.: 21-cv-01474-MMA-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[DKT. NO. 18]** |

     Before the Court is Plaintiff Harold Griffin's second Motion for Appointment of Counsel ("Motion"). Dkt. No. 18. Plaintiff requests the Court appoint counsel on his behalf because he is "unable to proceed with the assertion of [his] claims . . . without the assistance of counsel" and asserts he "qualif[ies] for the appointment of counsel from the Civil Pro Bono Panel." Dkt. No. 18.

     In his first Request for Appointment of Counsel ("Request"), Plaintiff claimed he was: (1) "incarcerated"; (2) "indigent"; and (3) "unable to afford counsel." Dkt. No. 15. The Court denied Plaintiff's first Request as unsupported by exceptional circumstances, which is the showing required to obtain appointed counsel. Dkt. No. 16 (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)); *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (holding courts have the authority to "request" an

attorney represent an indigent person under "exceptional circumstances."); *Myers v. Basto*, No. 18-cv-2239-DMS-BLM, 2019 WL 265134, at *1-2 (S.D. Cal. Jan. 18, 2019) (finding plaintiff failed to allege the requisite "exceptional circumstances" warranting the appointment of counsel, where the plaintiff argued he was unable to afford counsel, had "very limited" access to law library, and "imprisonment [would] greatly limit his ability to litigate properly.").

In this second Motion, Plaintiff claims the following weigh in favor of appointing counsel: (1) "the complexity of the action"; (2) "the potential merit of the claims or defenses of the represented defendant party"; (3) his "inability to retain an attorney by other means"; and (4) "the degree to which the interest of justice, including the benefits to the court, will be served by appointment of counsel." Dkt. No. 18. However, as the Court previously found in denying Plaintiff's first Request, "Plaintiff has not demonstrated a likelihood of success on the merits," and "has demonstrated the ability to articulate the essential facts supporting his claim[s], which appear relatively straight-forward and uncomplicated." Dkt. No. 16 at 2.

The circumstances compelling the Court's denial of Plaintiff's first Request have not changed. The Court, therefore, again **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED**.

Dated:  September 23, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge